Parlin *v.* Macomber.

PARLIN *vs.* MACOMBER.

In a writ of entry, to a plea that the tenant was not tenant of the freehold, with a disclaimer, the demandant replied that, at the time when, &c. the tenant was in possession of the demanded premises, claiming to hold the same as his own, concluding to the country ; and the replication, on special demurrer, was held good.

To a writ of entry in the *per* and *cui,* upon the demandant's own seisin, the tenant pleaded that at the commencement of the action he " was not tenant of the freehold of the premises demanded, or of any part thereof,"—with a disclaimer. The demandant replied that at that time the tenant " was in possession of the demanded premises, claiming to hold the same as his own,"—and concluded to the country. Hereupon the tenant demurred,—because the demandant had not traversed the allegation that he was not tenant of the freehold,—and because he had assumed facts not denied in the plea, and ought to have concluded with an averment, to afford the tenant an opportunity to traverse the new matter.

*M'Gaw* and *Greenleaf* for the demandant.

*Gilman* and *Allen* for the tenant.

MELLEN C. J. delivered the opinion of the Court.

The counsel for the tenant contends that the replication is bad ; but, if not, that the declaration is ; that at all events, the first fault in the pleadings is on the part of the demandant ; and that on the demurrer, judgment ought to be rendered for the tenant. Let us first examine the declaration. It is drawn with extreme carelessness. The land demanded is one acre and one third of an acre. It is stated to be the northwest part of a larger tract or piece of land, which has but one side line given. Courses and distances furnish no sort of description of it ; but the land demanded lies in *Dover,* adjoining

Parlin *v*. Macomber.

the north line of the town, and is a part of lot 14 in the 12th range ; and is seventeen rods and nine links long, adjoining said town line. From the above descriptive particulars, we apprehend the sheriff might ascertain the premises and deliver seisin and possession ; but beyond this, there is a further description which renders all sufficiently certain ; for the declaration states that the land demanded is the same which the demandant purchased of *Nathaniel Chamberlain*, on or about the ninth of *June*, 1814. Now, though it does not appear that the deed has ever been recorded, yet as it was made to the demandant, he knows the contents of it, and by inspection of it may see at once the boundaries of the premises in question, and show the sheriff those boundaries, so that he may with certainty execute the writ of *Habere facias possessionem.* As to the tenant, there is no difficulty ; he seems to understand what land is demanded, or else he would not so readily have decided for himself that he was not tenant of the freehold of the same at the time of the commencement of the action. We are therefore satisfied that the declaration, though drawn so loosely, is sufficient in law. The plea is technical, and not objected to as to its form ; so that the only question is whether the replication is good upon the special demurrer before us.

If the replication had been such as is usually given to a plea of general nontenure, that is, a replication affirming that the defendant, at the commencement of the action, was tenant of the freehold of the premises demanded, it should not have concluded with a verification, but to the country, as is the fact in the present case ; so are the forms. Is the replication, then, in substance, one which traverses the matter of the plea ? It states that, at the time of the commencement of the action, the tenant was in possession of the demanded premises, claiming them as his own. What more is necessary to constitute a man tenant of the freehold ? According to our law, as it now stands, if a defendant in a real action pleads the general issue, it is no admission that he is in possession of the premises demanded ; but prior to the passing of the statute alluded to, it had been decided in several cases, by the Supreme Court of Massachusetts, that if in such an action the defendant pleaded the general issue, it was an admission that he was tenant of the freehold ; that is, that he was in possession, claim-

ing the premises as his own property. See *Kelleran v. Brown*, 4. *Mass.* 443. *Higbee v. Rice*, 5. *Mass.* 344. *Wolcott v. Knight*, 6. *Mass.* 418. *Pray v. Pierce*, 7. *Mass.* 381. In *Otis v. Warren* 14. *Mass.* 240, the defendant pleaded non-tenure generally. The court, in delivering their opinion, say—"the replication, traversing this plea, is the same with a replication to a disclaimer; and this shows that the two pleas are substantially the same." *Stearns on Real actions* 222. It is true that the replication is argumentative, and not direct and positive; but this is not assigned as a cause of demurrer. As to this character of the replication, the demurrer must be considered as general; and on such a demurrer, matters of form cannot be taken advantage of. *Co. Lit.* 303. 1 *Chit. Plead.* 518, 640, 641, and cases there cited. Upon these principles, and tested by these authorities, the replication appears to us to be good and sufficient, and such is our decision.

*Judgment for the plaintiff.*